# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH KIZER, Individually and as Mother and Next Friend of R.J.K., a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STARR INDEMNITY & LIABILITY CO., NORTH AMERICAN TRANSPORT SERVICES, LLC, and DANIEL PALMA,<br><br>Defendants. | Case No. CIV-18-846-D |

## ORDER

Before the Court is Defendants North American Transport Services, LLC, ("NATS") and Daniel Palma's ("Palma") Amended Objection and Motion to Quash the Subpoenas to T-Mobile Subpoena Compliance Department ("T-Mobile") [Doc. No. 25]. Plaintiffs have filed a response in opposition [Doc. No. 34]. The matter is fully briefed and at issue.

## BACKGROUND

This case arises out of a motor vehicle accident involving Plaintiffs' Nissan Pathfinder and Palma's tractor-trailer which occurred on May 16, 2018 at approximately 1:15 p.m. Plaintiffs brought this action alleging various claims for negligence related to: (1) Palma's operation of the tractor-trailer while in the course and scope of his employment with NATS; (2) both Defendants' maintenance of the tractor-trailer; (3) NATS' hiring of

Palma; and, (4) NATS' negligent entrustment of the tractor-trailer to Palma. During the course of discovery both have parties sought cell phone records from the other. Plaintiffs objected to the production of Plaintiff Deborah Kizer's cell phone records for the thirteen (13) hours preceding and eleven and one half (11.5) hours after the accident as overbroad and irrelevant. Plaintiffs' Responses to Requests for Production at 8. Plaintiffs eventually agreed to produce records for the five hours preceding and forty (40) minutes after the accident. Response at 12-13.

With respect to their contention that Palma was negligent in his operation of the tractor-trailer at the time of the accident, Plaintiffs issued a subpoena duces tecum to T-Mobile for all of Palma's cell phone records for the three days prior to and one day after the accident, specifically from 12:00 a.m. om May 14, 2018, through 12:00 p.m. on May 17, 2018. The records sought by the subpoena include, but are not limited to, "all call registers, (incoming and outgoing), text message logs (incoming and outgoing), call details [sic] records (CDR), multimedia logs, and all other electronic data usage." Subpoena Duces Tecum [Doc. No. 25-1] at 2. Both parties agree that the records sought also include application usage. Motion at 4, 5; Response at 13, 14.

The parties conferred pursuant to LCvR 37.1 in an attempt to resolve Defendants' objections to the temporal scope of the request for Palma's cell phone records. Motion at 2. As a result of that conference Defendants agreed to production of cell phone records limited to thirty (30) minutes before the accident. *Id*. However, Plaintiffs declined that limitation and refused to withdraw or limit the time frame of the Subpoena. *Id*.; Email from Plaintiff's Counsel, December 24, 2018, [Doc. No. 25-2] at 1.

Plaintiffs assert that the full scope of the information sought by the subpoena is relevant to determine whether Palma: (1) took sufficient rest stops; (2) was fatigued at the time of the accident; (3) was using his cell phone at the time of the accident; (4) had a habit of using his cell phone during mandated periods of rest; and, (5) communicated with NATS regarding maintenance issues. Response at 1, 6-7. Plaintiffs also contend the requested records will indicate Palma's work schedule and periods of rest for the days preceding the accident and the NATS personnel with whom Palma communicated after the collision. *Id.* at 7.

Defendants move to quash the subpoena on the basis that it is overly broad and violates Palma's reasonable expectation of privacy. Defendants request that any production of Palma's cell phone records "be limited to a relevant time frame and should not contain any information other than his text and call history." Motion at 5. Plaintiffs respond that: (1) NATS lacks standing to challenge the subpoena; (2) the subpoena is not overbroad; and (3) Palma does not have a legitimate expectation of privacy in his cell phone records.

## STANDARD OF DECISION

A subpoena served on a third party is considered discovery within the meaning of the Federal Rules of Civil Procedure pursuant to Rule 45. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Accordingly, considerations of both relevance and proportionality govern the subpoenas at issue. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court is authorized under Rule 45(d)(3) to quash a subpoena under specified circumstances,

3

including when the subpoena requires disclosure of privileged or protected materials (when an exception or waiver does not apply), or when the subpoena subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv).

Further, Rule 26(b)(1) sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ.P. 26(b)(1). Under this standard, "relevance" has been broadly defined to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *United States v. Childs*, No. CR-09-146-D, 2018 WL 775018, at *3 (W.D. Okla. Feb. 7, 2018) (citations omitted). The Advisory Committee Notes for the 2000 Amendments to Rule 26 direct the parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1). As such, the Court "has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses." *Id*.

The moving party bears the burden of establishing grounds for quashing the subpoena, with the party seeking to quash a subpoena carrying a particularly heavy burden as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proceedings*

4

in *Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (internal quotation marks and citations omitted).

## DISCUSSION

**I.  Standing**

As an initial matter, Plaintiffs contend NATS lacks standing to challenge the subpoena. "Generally, absent a claim of privilege, or personal or proprietary interest, a party lacks standing to challenge a subpoena served on a third party." *Clark v. Johnson*, 14-CV-582-JED-PJC, 2015 WL 4694045, at *1 (N.D. Okla. Aug. 6, 2015) (citing *Howard v. Segway, Inc.,* 2012 WL 2923230, *2 (N.D. ΔOkla. July 18, 2012)). "Courts have long held that in the context of civil discovery, an individual has a personal interest in certain records . . . sufficient to provide standing to challenge a subpoena for their disclosure, even where that information is maintained by a third party." *Id*. (citations omitted). Courts have held that cell phone records are included among such records. *Id*. at *2 (citations omitted).

NATS has presented no claim of privilege or personal or proprietary interest in the T-Mobile cell phone records. Therefore, the Court finds that NATS does not have standing to challenge the subpoena. However, the Motion was raised by both NATS and Palma. Because Palma has a personal interest in the privacy of his cell phone records, he has standing to challenge the subpoena issued by Plaintiffs. *See Clark*, 2015 WL 4694045, at *2 (recognizing a plaintiff has a privacy interest in his cell phone records and, therefore, has standing to challenge a subpoena for those records).

## II. Relevance and Scope of the Request

Palma asserts that he has a privacy interest in his cell phone records and Plaintiffs have failed to demonstrate a legitimate need for the records that outweighs his privacy interests. Motion at 6. Based on his privacy interest, Palma states the subpoena should be quashed. Motion at 6. Generally, "a reasonable person would not expect the numbers they dial on their personal cell phone to become public knowledge." *Clay v. Lambert*, 17-CV-00085-PAB-MEH, 2017 WL 4755152, at *4 (D. Colo. Oct. 20, 2017). Nevertheless, after review of the briefing submitted on this matter, the Court finds that pursuant to the scope of discovery and relevance standards set forth in Rule 26(b)(1), Palma's cell phone records contain relevant, discoverable information.

Central to Plaintiffs' claims is the assertion that Palma was negligent in that he failed to adequately inspect and maintain the tractor-trailer prior to the accident and was fatigued and distracted during his operation of the vehicle at the time of the accident. Response at 1, 2, 5, 6-7, 10, 11. The Court finds that Palma's cell phone records, excluding the substance of any particular communications, are relevant to determining whether Palma was distracted and/or fatigued at the time of the accident. This clear relevance outweighs any privacy interest Palma might have, subject to the limitations discussed herein. *See Clark*, 2015 WL 4694045, at *2.

The Court finds, however, that the time frame for which the records are requested is too broad. *See Coleman v. Reed*, CIV-15-1014-M, 2016 WL 4523915, at *2 (W.D. Okla. Aug. 22, 2016) (finding that similar cell phone records were relevant as to whether the defendant was using his phone, and in what ways, at the time of the accident but that the

requested three-day period was overbroad). The Court modifies the subpoena to require production of cell phone records for the twenty-four (24) hours prior to the accident and two hours after the accident.

Plaintiffs agree that the subpoena does not request "the content of Palma's communications." Response at 5, 13. Therefore, the Court finds that records to be produced are limited to records containing incoming and outgoing call and text logs and logs of application use. T-Mobile shall not produce any information regarding the content or substance of any communications.

## CONCLUSION

As stated above, the Court **GRANTS** in part and **DENIES** in part Defendants' Amended Objection and Motion to Quash the Subpoena to T-Mobile Subpoena Compliance Department [Doc. No. 25] and **MODIFIES** the time period of the subpoena to the twenty-four (24) hour period immediately before and two hours immediately after the accident.

**IT IS SO ORDERED** this 6th day of May 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE