# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH KIZER, Individually, and as Mother and Next Friend of R.J.K., a Minor, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. CIV-18-846-D |
| NORTH AMERICAN TRANSPORT SERVICES, LLC, and DANIEL PALMA, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**O R D E R**

Before the Court is Plaintiff Deborah Kizer's Motion to Compel [Doc. No. 40]. Defendant North American Transport Services, LLC, ("NATS") has filed a Response [Doc. No. 45] in opposition, to which Plaintiff has replied [Doc. No. 47]. The motion is fully briefed and at issue.

## BACKGROUND

This case arises out of a motor vehicle collision occurring on May 16, 2018, near Tonkawa, Oklahoma. Allegedly, Plaintiff drove a 2009 Nissan Pathfinder and Defendant Daniel Palma drove a semitractor-trailer, as an agent of NATS. Discovery in this case is ongoing, with a completion deadline of July 4, 2020. Amended Scheduling Order [Doc. No. 59]. The parties have engaged in three in-person conferences to resolve discovery disputes and are otherwise in compliance with the Local Rules.

1

## STANDARD OF DECISION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. When a party objects to a discovery request, the objecting party bears the burden of showing why the discovery should not be permitted. *See Barclays Am. Corp. v. Kane*, 746 F.2d 653 (10th Cir.1984). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). Likewise, in objecting to a request for production of a document, the objection must include some support. *See id*. at (b)(2)(B)).

## DISCUSSION

Plaintiff moves the Court to order Defendant to revise its privilege log to include details as to all pre-litigation attorney-client privilege and opinion work-product being withheld. Further, Plaintiff seeks production of all ordinary work product.

Although Defendant has asserted blanket attorney-client privilege and work-product protection on seven interrogatories and twelve requests for production, its privilege log includes only three short entries. *See* Privilege Log [Doc. No. 40], Ex. 9 at 1. These three entries relate to Plaintiff's Requests for Production Nos. 19 and 25. The following is a representative sample of the interrogatories, requests, and answers at issue:

> INTERROGATORY NO. 5: State the date(s) any investigation of the collision was conducted, identify the persons making the investigation, and describe in detail what was revealed by the investigation.
>
> ANSWER TO INTERROGATORY NO. 5: Defendant objects to this investigation to the extent it seeks information which impermissibly invades upon the attorney client and/or work product privileges. Without waiving its

objections and subject to its stated privileges, this Defendant is not aware of any nonprivileged investigation which has been occurred other than the Oklahoma Highway Patrol [sic].

INTERROGATORY NO. 12: Identify any report, memoranda, analysis or evaluation of the collision or any documents that discuss the potential liability of North American Transport Services, LLC for the collision prepared by or on behalf of North American Transport Services, LLC or its representatives, and state the findings or conclusions of any such document, including but limited to the determination whether the accident was preventable.

ANSWER TO INTERROGATORY NO. 12: Defendant objects to this Interrogatory as it impermissibly invades upon the attorney client and/or work product privileges.

Request for Production No. 2, Response: Defendant objects to this Request as it seeks information which impermissibly invades upon the attorney client and/or attorney work product privileges. Defendant asserts that its counsel of record was involved with days [sic] of this accident and thus all documentation generated as a result of the NATS investigation is protected by the attorney client privilege. Without waiving its objection, no other non-privileged documentation exists responsive to this request. Defendant reserves the right to supplement this request as discovery is ongoing

Request for Production No.4, Response: Defendant objects to this Request as it seeks information which impermissibly invades upon the attorney client and/or attorney work product privileges. Without waiving its objection, Mr. Palma communicated by telephone after the accident. No such documentation responsive to this request exists.

The remaining interrogatories and requests for production in dispute are substantially similar. Although some responses were eventually supplemented, Plaintiff asserts she has insufficient information to asses whether the privilege is being properly asserted and believes non-privileged information is being wrongfully withheld.

A party resisting discovery based on a privilege has the burden of establishing that the privilege applies. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir.

1984). Under FED. R. CIV. P. 26(b)(5)(A), when a party withholds documents based on a claim of privilege, the party must "expressly make the claim" and "describe the nature of the documents . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This ordinarily is accomplished through a privilege log. *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1231–32 (D. Colo. 2010). "A privilege log may be supplemented by an affidavit, deposition testimony, or other evidence, if necessary, to establish that each element of the asserted privilege has been met." *Id.*

Whether a responding party states a general objection to an entire set of discovery requests based on privilege, or generally asserts a privilege objection within an individual discovery response, the resulting "blanket objection" is decidedly improper. *See Peat, West*, 748 F.2d at 541–42 (holding that a blanket, non-specific attorney-client and work product privilege objection was insufficient).[1]

A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed." *Clark v. Unum Life Ins. Co. of America,* 799 F.Supp.2d 527, 536 (D. Md. 2011). A privilege log meets this standard, even if not detailed, if it "identifies the nature of each document, the date of its transmission or creation, the author and recipients, the subject and the privilege

---

[1] Because the Court's jurisdiction over the instant action is based in diversity, the substance of certain privileges asserted are governed by state law. The procedure for responding to discovery requests in federal court litigation, however, including the procedure for the proper assertion of a privilege, is governed by federal law. *See Frontier Refining, Inc. v. Gorman-Rupp, Co.,* Inc., 136 F.3d 695 (10th Cir. 1998).

asserted." *Id.* (quoting *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)).

The specific objection requirement provides the party seeking discovery with a basis for determining what documents the party asserting the privilege has withheld. The opposing party might otherwise never know "whether the documents were withheld correctly, incorrectly, or maliciously." *Pearson v. Progressive Direct Ins. Co.*, No. CV 10-130 JC/LFG, 2010 WL 11623369, at *6 (D.N.M. June 28, 2010).

In *Thomas & Betts Corp. v. Panduit Corp.*, a federal district court recounted how a defendant "repeatedly invoked objections of privilege" in its responses to interrogatories. No. 93 C 4017, 1997 WL 603880, at *6 (N.D. Ill. Sept. 23, 1997), *order clarified*, No. 93 C 4017, 1997 WL 754179 (N.D. Ill. Nov. 20, 1997). The court in *Thomas* aptly addressed whether the defendant had improperly invoked privileges in lieu of answering interrogatories, finding that "even if the privilege log contained information that would answer this Interrogatory, and it is not at all clear that it does, that privilege log concerned documents, not the critical underlying information contained in or referred to in the documents that might answer interrogatories." *Id*.

It is well established that the work-product doctrine does not protect discovery of the underlying facts of a dispute. *See Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). By asserting blanket claims of privilege as a response to the interrogatories at issue, even as later supplemented with scant facts and references to the existing privilege log, Defendant is improperly extending the work-product doctrine to protect facts underlying the dispute. Where blanket attorney-client privilege and work

5

product protection assertions are made on seven interrogatories and twelve requests for production, a privilege log including only three short entries and no further explanation supporting the assertions is plainly insufficient.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Defendant is to produce a rule-compliant privilege log within fourteen (14) days of the issuance of this Order. Defendant is to respond to interrogatories 5,12,24,16, and 25 and requests for production 2,4,8,7,9, and 25, and where any privilege or protection is asserted in doing so, Defendant is to properly support its assertions.

**IT IS FURTHER ORDERED** that, pursuant to FED. R. CIV. P. 37(a)(5)(A), the Court directs Plaintiff to submit a properly supported request for the award of reasonable expenses and attorneys' fees incurred in making this Motion within twenty-one (21) days of the date hereof. Defendant may respond to Plaintiff's filing within twenty-one (21) days of its filing. The parties are encouraged to attempt to reach and agreement regarding the expenses and fees to be awarded.

**IT IS SO ORDERED** this 10th day of March, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge