IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH KIZER, Individually and as Mother and Next Friend of R.J.K., a Minor, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-846-D |
| | ) | |
| NORTH AMERICAN TRANSPORT SERVICES, LLC, and DANIEL PALMA, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants' Motion to Compel and Brief in Support [Doc. No. 79]. Plaintiff has filed a Response [Doc. No. 85] in opposition, to which Defendants have replied [Doc. No. 86]. The Motion is fully briefed and at issue.

**BACKGROUND**

This case centers around a motor vehicle collision near Tonkawa, Oklahoma, in May of 2018. Allegedly, Defendant Daniel Palma drove a semitractor-trailer as an agent of North American Transport Services, LLC ("NATS"). Plaintiff, Deborah Kizer, was driving a 2009 Nissan Pathfinder, and her minor son, R.J.K., was in the vehicle. This case was scheduled to complete discovery on October 17, 2020. *See* Am. Scheduling Order [Doc. No. 97]. Defendants have filed the instant Motion to Compel asking the Court to order Plaintiff to produce a privilege log and supplement discovery responses. The parties

have engaged in three in-person conferences in compliance with the Local Rules in an attempt to resolve their discovery dispute.

## STANDARD OF DECISION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. When a party objects to a discovery request, the objecting party bears the burden of showing why the discovery should not be permitted. *See Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). Likewise, in objecting to a request for production, the objection must be properly supported. *See* FED. R. CIV. P. 34(b)(2)(B).

## DISCUSSION

NATS and Daniel Palma (collectively "Defendants") filed the instant Motion asserting that Plaintiff failed to produce a privilege log detailing her objections on the basis of work product and attorney-client privilege. Defendants also claim that Plaintiff failed to supplement certain discovery responses. Defendants now ask the Court to order Plaintiff to provide a privilege log and supplement the responses at issue.

### I.   PRIVILEGE LOG

Defendants take issue with Plaintiff's responses to NATS and Palma's first requests for production. The requests from both defendants are identical. To Request Nos. 7, 9, 10, and 19, Plaintiff asserts that the documents sought may be protected by the work product doctrine. Plaintiff asserts the attorney-client privilege in response to Request No. 10.

Plaintiff has not produced a privilege log. In each response, Plaintiff uses language like the following:

> **Request No. 7:**      All photographs or other visual images, still or moving, related to the vehicles involved in the occurrence.

> **Response No. 7:**      Objection. NATS's request is vague, over broad, seeks information that is not relevant to any claim or defense, and seeks information that may be protected work product. . . Further, images prepared by Kizer's attorneys or a consulting expert are not discoverable absent a showing of "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A). Subject to the stated objections, see Bates-stamped documents Kizer 0001–0004.

*See* Pl.'s Resp. to Def. NATS's Req. for Produc. at 5. In her response to the instant Motion, Plaintiff discusses only Request Nos. 10 and 19.

Under FED. R. CIV. P. 26(b)(5)(A), when a party asserts a privilege, "the party must 'expressly make the claim' and 'describe the nature of the documents . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.' This ordinarily is accomplished through a privilege log." *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1231–32 (D. Colo. 2010). "Generally, a privilege log is adequate if it identifies with particularity the documents withheld, [] their date of creation, author, title or caption, addressee and [] recipient, and general nature or purpose for creation." *Id.* at 1232.

When a responding party generally objects to an entire set of discovery requests based on privilege, or generally asserts a privilege objection within an individual discovery response, the resulting "blanket objection" is decidedly improper. *Peat, Marwick, Mitchell*

& *Co. v. West*, 748 F.2d 540, 541–42 (10th Cir. 1984) (holding that a blanket, non-specific attorney-client and work product privilege objection was insufficient).

A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed." *Clark v. Unum Life Ins. Co. of America*, 799 F. Supp. 2d 527, 536 (D. Md. 2011). A log is sufficient "if it identifies 'the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted.'" *Id.* (quoting *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)).

The specific objection requirement provides the party seeking discovery with a basis for determining what documents have been withheld. The party might otherwise never know whether the documents "were withheld correctly, incorrectly, or maliciously." *Pearson v. Progressive Direct Ins. Co.*, No. CIVIL NO. 10–130 JC/LFG, 2010 WL 11623369, at *6 (D.N.M. June 28, 2010).

### a.   *Request for Production No. 10 – Witness Statements*

Plaintiff asserts work product and attorney-client privilege in her response to both Defendants' Request No. 10, which seeks witness statements. Plaintiff's response to Palma's request is as follows:

> **Request No. 10:**    Any statement made by any party to this lawsuit or any witness to the occurrence alleged in Plaintiff's Petition.
>
> **Response No. 10:**    Objection. Palma's request is over broad and seeks information that may be attorney work product or attorney-client privileged. FED. R. CIV. P. 26(b)(1) and (b)(3), FED. R. EVID. 501, OKLA. STAT. tit. 12, § 2502. Statements taken by plaintiffs' counsel from witnesses is protected work product, and absent a showing of substantial need, Kittles is not entitled to the statements, nor is she entitled to the identities of the witnesses defense

4

counsel has contacted.[1] *See Phillips v. Hanover Ins. Co.*, No. CIV–14–871–R, 2015 WL 1781873, at *4 (W.D. Okla. Apr. 20, 2015); *Lamer v. Williams Commc'ns*, LLC, No. 04–CV–847–TCK–PJC, 2007 WL 445511, at *2 (N.D. Okla. Feb. 6, 2007). Moreover, statements made by Plaintiffs and their representatives to their liability insurer are attorney-client privileged. See OKLA. STAT. tit. 12, § 2501(A)(4)(a) and (B)(4). Subject to the stated objections and limiting the request to exclude work product and attorney-client privileged statements, Kizer is not aware of any statements made beyond those included in the Official Oklahoma Traffic Collision Report.

*See* Pl.'s Resp. to Def. Palma's Req. for Produc. at 6–7.

Plaintiff argues that a privilege log is not required for witness statements because a log would circumvent the work product doctrine by requiring Plaintiff to provide the names of witnesses interviewed in preparation for trial. *See* Pl.'s Resp. to Defs.' Mot. at 4. In support of a privilege log, Defendants argue that Plaintiff previously "demanded Defendants identify and provide privilege logs as to any witnesses counsel spoke with . . . ." in her motion to compel [Doc. No. 40], which this Court granted [Doc. No. 65]. Defs.' Reply to Pl.'s Resp. at 3.[2]

Work product protection extends to "(1) 'documents and tangible things;' (2) 'prepared in anticipation of litigation or for trial;' (3) 'by or for another party or by or for that other party's representative.'" *Albin Family Revocable Living Trust v. Halliburton*

---

[1] The Court presumes that Plaintiffs' counsel made an error in referencing "Kittles" and "she" in response to Palma's requests.

[2] In Plaintiff's motion to compel, she sought "information regarding the identities of the people who investigated the accident on behalf of NATS, including the dates of the investigation(s), information revealed, reports generated, liability determinations, and preventability determinations." [Doc. No. 40] at 10. These requests focused on NATS's investigation of the accident. *See id.* at 11–13. Here, Defendants' request focuses on any statements made by a party or witness.

*Energy Serv., Inc.*, Case No. CIV-16-910-M, 2018 WL 2440201, at *2 (W.D. Okla. Jan. 8, 2018) (citation omitted). Opinion work product consists of counsel's "mental impressions, conclusions, opinions, or legal theories." *Id.* at *2. This category receives "heightened or special protection." *Id.* (citation omitted). Attorney notes from witness interviews receive this heightened protection. *Id.* A party seeking such notes may only do so when "'extraordinary circumstances justify disclosure.'" *Id.* (quoting *Okla. v. Tyson Foods, Inc.*, 262 F.R.D. 617, 625 (N.D. Okla. 2009)).

Plaintiff relies on a case from this district to support her argument. There, the court addressed an interrogatory seeking the names of "'all persons contacted and/or interviewed by [it] or [its] representatives in connection with this case, regardless of whether said persons were included in any investigative report or whether said persons were asked to give a statement.'" *Phillips v. Hanover Ins. Co.*, No. CIV-14-871-R, 2015 WL 1781873, at *3 (W.D. Okla. Apr. 20, 2015) (quoting the interrogatory). Under these facts, the court found that "'[a]n interrogatory asking a party to identify all persons interviewed would contravene work product . . . intruding into the heart of attorney trial preparation.'" *Id.* at *4 (quoting *Lamer v. Williams Commc'ns LLC*, No. 04-CV-847-TCK-PJC, 2007 WL 445511, at *2 (N.D. Okla. Feb. 6, 2007)).

But Defendants' request here is different. The interrogatory in *Phillips* sought the names of persons contacted or interviewed—regardless of whether they made a statement. The instant request seeks the production of statements made by a party or witness.

Courts have come to varying results when addressing witness statements in the work product context. Specifically, the Northern District of Oklahoma addressed whether

non-party witness affidavits must be listed on a privilege log when counsel prepared them based on attorney notes. *Lamer v. Williams Commc'ns LLC*, No. No. 04–CV–847–TCK–PJC, 2007 WL 445511, at *1 (N.D. Okla. Feb. 6, 2007)). The court concluded that the affidavits were attorney work product and need not be listed on a privilege log. *Id.* at *2. Without much discussion, the court stated that the parties would get the names of witnesses from each other through discovery, and including them on a privilege log was unnecessary. *Id.*

Other courts have reached a different result. The District of South Dakota acknowledged *Lamer* and declined to follow it in *Murphy v. Kmart Corp.*, 259 F.R.D. 421 (D.S.D. 2009). There, the court addressed a motion to compel production of third-party witness statements. *Id.* at 430. Acknowledging the split of authority on this issue, the *Murphy* court found the *Lamer* court to be in the minority. *Id.* at 430 ("In contrast to this majority view, the court in *Lamer v. Williams Comm'ns, LLC* . . . ."). Other courts addressing the issue have not classified non-party witness statements and affidavits as work product. *See Schipp v. Gen. Motors Corp.*, 457 F. Supp. 2d 917, 924  (E.D. Ark. 2006) ("However, any verbatim non-party witness statements are neither privileged nor work product and must be produced."); *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 653 (D. Alaska 1994) ("[T]his court views the attorney work product rule as involving a kind of fiction when the subject is the verbatim statements of witnesses."). Regarding affidavits, some have drawn a distinction between the final version and previous drafts and communications. *See Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2007

WL 4561530, at *2 (S.D. Ohio Dec. 21, 2007) (finding that drafts and communications may be work product but the final statement is not).

The *Murphy* court refused to classify third-party statements as work product. *Murphy*, 259 F.R.D. at 431. In doing so, the court acknowledged the discovery disclosure rules under the Federal Rules of Civil Procedure—much like the Northern District of Oklahoma did in *Lamer. Id.* Instead, though, the *Murphy* court felt that because the Federal Rules require disclosure of witness names, relying on witnesses to "support [a] case is clearly not within the ambit of attorney work product." *Id.* (citing FED. R. CIV. P. 26(a)(1)(A)(1)).

This Court agrees. Thus, Plaintiff counsel's notes from interviews are protected as opinion work product. If counsel is withholding the production of any formal witness statements or affidavits on the basis of work product, however, such statements should be reflected in a privilege log.

### b. *Request for Production No. 19 – Investigative Notes*

Plaintiff also asserts that she need not provide a privilege log in relation to Request No. 19. This request seeks: "Copies of the police report, or other reports of any governmental agency relating to this collision, any accident reports, investigative notes, photographs, reconstructions, maps, diagrams and/or accident scene measurements prepared by any person or entity that refer or relate to the incident in question."

Plaintiff claims there are no investigative notes other than those prepared by counsel or at counsel's direction. Pl.'s Resp. to Defs.' Mot. at 5. Plaintiff asserts that a privilege log detailing investigative efforts over the past twenty-four months is "absurd." *Id.* Plaintiff

also claims that "[t]he investigative efforts of plaintiffs' counsel, including their investigative notes, are not discoverable," and a log would not "provide any meaningful assistance to Defendants" because mental impressions and strategy are not discoverable. As to counsel's investigative notes, the Court agrees with Plaintiff.

Defendants state they do not seek counsel's impressions. Instead, they are focused on the pre-suit investigation by Plaintiff after the collision until filing of this lawsuit. In Plaintiff's response to the instant Motion, she claims that Plaintiff did not investigate the accident. Instead, she obtained counsel after the accident. Thus, there are no investigative reports to discover.

Defendants also request police reports, accident reports, photographs, reconstructions, maps, diagrams, and accident scene measurements. In her first response to this request, Plaintiff directed Defendants to Bates-stamped documents Kizer 007-0014. The Court does not have a copy of these exhibits to ascertain their contents. Plaintiff has not supplemented this response. On May 4, 2020, the parties completed their expert disclosures including all expert materials. Pl.'s Resp. to Defs.' Mot. at 4. These materials presumably encompassed much of the information sought by Defendants. Thus, no supplementation is necessary, and no privilege log is required as to Request No. 19.

### c. Request for Production Nos. 7 and 9 – Photographs

Plaintiff does not acknowledge Request for Production Nos. 7 and 9 in her response to the instant Motion. Plaintiff supplemented her responses as to NATS, but she did not expand on the claims of work product in her supplementation. Plaintiff's general objections on the basis of work product provide Defendants with no notice of the contents of the

withheld documents. Plaintiff's assertions merely state that the request may implicate documents protected by the work product doctrine. From this, Defendants are unable to ascertain whether they should challenge the claim of privilege. Where there are general assertions of work product and attorney-client privilege, failure to provide a privilege log "is plainly insufficient." Order [Doc. No. 65] at 6.[3] Plaintiff shall provide a privilege log as to Request Nos. 7 and 9 if any photographs are withheld on the basis of work product or attorney-client privilege.

## II.    INTERROGATORY NUMBER 5

Defendants also take issue with Plaintiff's answer to Interrogatory No. 5. Interrogatory No. 5 provides:

> **Interrogatory No. 5:**    Please provide a general description, including location, of all books, documents, data, compilations, and tangible things known to the Plaintiff that tend to prove or disprove any claim or defense involved in this action.

> **Answer No. 5:**    Objection. NATS's interrogatory is over broad, unduly burdensome, premature, contains multiple discrete subparts, and fails to describe with reasonable particularity the information he seeks. Plaintiffs raises five separate causes of actions, and Defendants raise 21 affirmative defenses. Under Rule 33 of the Federal Rules of Civil Procedure, absent agreement by the parties or a Court Order permitting otherwise, NATS is allotted only 25 interrogatories. Kizer answers each subpart in the order that is [sic] appears in the *Petition* and Defendants' *Answer* and objects to all interrogatories exceeding 25.

*See* Pl.'s Resp. to Def. NATS's Interrog. at 4.

---

[3] The Court used this language when it required Defendants to provide a more detailed privilege log in its Order granting Plaintiff's Motion to Compel.

Plaintiff then outlines each cause of action and affirmative defense, labeling them 5(a) through 5(w). For Interrogatory Nos. 6 through 29, Plaintiff asserts this objection: "Objection. NATS exceeds the allotted interrogatories permitted under Rule 33 of the Federal Rules of Civil Procedure. Further objections are reserved until NATS obtains leave of Court to serve additional interrogatories."

Plaintiff argues that Interrogatory No. 5 is a contention interrogatory with separate subparts, exceeding the permissible number of interrogatories. Defendants assert that Interrogatory No. 5 asks only about the description and location of evidence—much of which could overlap for many of the claims and defenses. The Court agrees with Defendants.

"Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citing *Starcher v. Corr. Med. Sys. Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998) *aff'd sub nom. Cunningham v. Hamilton County*, 527 U.S. 198 (1999)). Parties often use "contention interrogatories" to refer to multiple types of questions. *Lucero*, 240 F.R.D. at 594. True contention interrogatories "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts." *Id.* (citing *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 480 (D. Conn. 1996)). These are different from interrogatories that "request identification of witnesses or documents that support a party's contentions." *Id.*

Other judges in this district have recognized that certain contention interrogatories are generally viewed as "'a perfectly permissible form of discovery.'" *Jobson v. United States ex rel. Dep't of Veteran Affairs*, No. CIV-17-754-SLP, 2018 WL 8299885, at *4 (W.D. Okla. Aug. 27, 2018) (citing *EC Source Servs. v. Burndy LLC*, No. 2:16-cv-122-JNP, 2018 WL 3625330 at *2 (D. Utah July 30, 2018)). But contention interrogatories seeking "'all facts' supporting allegations of a claim or defense are overly broad and unduly burdensome." *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Office Prod.*, No. CIV-04-0266-L, 2004 WL 7332758, at *2 n.4 (W.D. Okla. Dec. 14, 2004) (citing *Hiskett v. Wal-Mart Stores*, 180 F.R.D. 403, 405 (D. Kan. 1998)). Furthermore, contention interrogatories that "systematically track all of the allegations in an opposing party's pleadings . . . are an abuse of the discovery process." *Lucero*, 240 F.R.D. at 594 (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)).

Interrogatory No. 5 asks for "a general description, including location, of all books, documents, data, compilations, and tangible things known to the Plaintiff that tend to prove or disprove any claim or defense involved in this action." This interrogatory does not seek Plaintiff's contentions, facts underlying contentions, or an application of law to facts. Instead, this interrogatory asks for a description of evidence. This is not a contention interrogatory of the sort that is problematic.

Further, this interrogatory is not one that tracks the complaint or answer. Notably, Plaintiff tracked the complaint and answer in her response to this interrogatory. She created subparts that outlined the claims and defenses, and then asserted a numerosity objection to

the remaining interrogatories. Plaintiff shall supplement her response to No. 5 and provide

a description and location of any evidence falling within the scope of this interrogatory.[4]

## III.    SUPPLEMENTATION

Defendants further take issue with Plaintiff's supplementation of her responses.

Defendants ask the Court to order Plaintiff to supplement her responses to (1) Palma's

interrogatories, (2) NATS's interrogatories, (3) joint interrogatories as to R.J.K., and (4)

certain requests for production.

### a.   *Palma's Interrogatories*

Plaintiff supplemented her responses to NATS's interrogatories five times. *See*

Defs.' Mot. to Compel at 11. But, aside from Plaintiff's May 3 supplementation of her

response to Interrogatory No. 3, Plaintiff never supplemented her responses to Palma's

interrogatories. *See id.* at 5; Pl.'s Resp. to Defs.' Mot. at 2. In her response to the instant

Motion, Plaintiff claims that supplementing Palma's interrogatories would be a "waste of

time" because the requests were substantially similar, and Palma had access to the

information in the NATS supplementations. Defendants claim that each party is entitled to

supplementation. They claim that Plaintiff could have supplemented her responses jointly

if she would have included a statement saying as much, but she did not.

Under FED. R. CIV. P. 26(e)(1), parties have an ongoing obligation to supplement

answers to interrogatories. But "Fed. R. Civ. P. 26(e)(1)(A) does not require amended

---

[4] The parties raise the issue of whether Plaintiff waived her numerosity objection when she selectively supplemented some of her responses to NATS's interrogatories. The Court need not address this issue because Interrogatory No. 5 does not consist of subparts. Plaintiff's numerosity objections are moot.

interrogatories in all circumstances, but only when 'the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131, 1145 (10th Cir. 2009) (quoting FED. R. CIV. P. 26(e)(1)(A)).

Three elements must be present to trigger the duty to supplement: (1) the initial disclosures were incomplete or incorrect; (2) the supplemental disclosures occur in a timely manner; and (3) the information was not otherwise made known during the discovery process. *Poitra v. School District No. 1 In the County of Denver*, 311 F.R.D. 659, 666 (D. Colo. 2015). Information is "made known" when it is of "such form and of such specificity as to be the functional equivalent of a supplemental discovery response." *Id.* (citing *L-3 Commc'ns Corp. v. Jaxon Engineering & Maintenance, Inc.*, No. 10-cv-02868-MSK-KMT, 125 F. Supp. 3d 1155, 1169 (D. Colo. 2015)).

Defendants concede that NATS and Palma's interrogatories and requests for production "are the same." Defs.' Reply to Pl.'s Resp. at 2; *see also* Defs.' Mot. to Compel at 11 ("Supplemental responses are owed to Defendants by Plaintiff as they make the exact same inquiries and were not supplemented."). Plaintiff's supplemental responses to NATS's requests were functionally the same as if Plaintiff would have supplemented her responses to Palma's requests. NATS and Palma are co-defendants in this suit, and they are represented by the same counsel. Thus, Palma learned of the supplemental responses when Plaintiff served them in writing on NATS. Under these facts, and in accordance with FED. R. CIV. P. 26(e)(1), Plaintiff is not required to supplement her responses to Palma's interrogatories.

### b. *Supplementation of Other Interrogatories*

Defendants assert Plaintiff supplemented NATS's interrogatories at her discretion. Plaintiff argues that she selectively supplemented her response to NATS's interrogatories under an agreement between the parties.

Defendants initially served 29 interrogatories. In Plaintiff's first responses, she did not answer past Interrogatory No. 5 because she objected as to numerosity. Plaintiff supplemented her responses to NATS's interrogatories five times. Defs.' Mot. to Compel at 11.[5] In her first supplemental responses, Defendants claim Plaintiff answered Interrogatory Nos. 6 through 27 using a discretionary standard. *Id.* at 12. In her second supplemental responses, Plaintiff supplemented Interrogatory Nos. 7, 9, 10, 14, 15, 17, and 19. *Id.* Plaintiff supplemented her responses for a third time as to Interrogatory Nos. 2, 4, 8, 10, 11, 12, 13, 15, and 17. *Id.*  The Court is unsure of what Plaintiff's fourth and fifth supplemental responses addressed.

To the extent that Plaintiff has information related to NATS's interrogatories that has not been made known to Defendants through discovery, Plaintiff shall supplement the responses that she failed to initially supplement in compliance with FED. R. CIV. P. 26(e)(1).

---

[5] Though Defendants state Plaintiff supplemented her responses to NATS's interrogatories five times, they only include her first three supplemental responses as exhibits to this Motion.

### c.   Supplementation of Interrogatories as to R.J.K.

Aside from Interrogatory No. 3, Plaintiff has not supplemented her responses in her capacity as mother and next friend of R.J.K. Defs.' Mot. to Compel at 5; Pl.'s Resp. to Defs.' Mot. at 7. Plaintiff claims that the discovery requests were nearly identical as to R.J.K. Pl.'s Resp. to Defs.' Mot. at 7. Plaintiff concedes that Interrogatory Nos. 11, 12, and 13 specifically address R.J.K.'s injuries, and she agrees to supplement these interrogatories.

In her initial response to these interrogatories, Plaintiff answered Interrogatory Nos. 1, 2, 3, and 4 before asserting the numerosity objection to No. 5 like she did in her responses to NATS and Palma. Interrogatory Nos. 6 through 19 have not been supplemented as to R.J.K. After reviewing the interrogatories, Nos. 8, 9, 10, 14, 15, 16, 17, 18, and 19 all seek information related to the minor child. Thus, Plaintiff shall supplement her responses to these interrogatories in addition to Nos. 11, 12, and 13.

### d.   Supplementation of Requests for Production

Of the requests for production at issue, Plaintiff has only supplemented her responses to NATS's Requests Nos. 7 and 9. Plaintiff has not supplemented NATS's Requests Nos. 10 or 19. Thus, Plaintiff shall supplement her responses to NATS's Request Nos. 10 and 19 if she has additional information relevant to these requests.

Plaintiff has not supplemented her responses to Palma's requests. In light of Part III(a) of this Order, Plaintiff need not supplement her responses to Palma's requests because the requests for production are identical for both co-defendants who are represented by the same counsel. *See* Defs.' Reply to Pl.'s Resp. at 2 ("It is true the

Interrogatories and Requests for Production are the same, but each set is from two separate defendants.").

Plaintiff, in her capacity as mother and next friend of R.J.K., has not supplemented her responses to Defendants' requests for production. Defendants state that "the same Requests for [sic] served on Plaintiff in her role as mother and next friend." Defs.' Mot. to Compel. at 14. Thus, in light of Part III(a) of this Order, Plaintiff need not supplement her responses to Defendants' joint requests for production related to R.J.K.

## CONCLUSION

For the reasons discussed herein, Defendants' Motion to Compel is **GRANTED** in part and **DENIED** in part as set forth herein.

**IT IS THEREFORE ORDERED** that Plaintiff shall produce a rule-compliant privilege log as to Defendants' Request for Production Nos. 7, 9, and 10 within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her response to Interrogatory No. 5 within fourteen (14) days of this Order. Plaintiff, in her individual capacity, shall also supplement her responses to any of NATS's interrogatories that she did not properly supplement because of her numerosity objection.

**IT IS FURTHER ORDERED** that Plaintiff, in her capacity as mother and next friend of R.J.K., shall supplement her responses to Interrogatory Nos. 8, 9, 10, 11, 12, 13 14, 15, 16, 17, 18, and 19 within fourteen (14) days of this Order.

**IT IS SO ORDERED** this 23rd day of October, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge