# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DEBORAH KIZER, individually and as )
mother and next friend of R.J.K., a minor, )
                                         )
           Plaintiffs, )
                                          )
*-vs-* )      Case No. CIV-18-846-D
                                          )
NORTH AMERICAN TRANSPORT )
SERVICES, LLC; and DANIEL PALMA, )
                                          )
           Defendants. )

## ORDER

Before the Court is Defendants' Motion to Vacate Judgment or, in the Alternative, to Alter Judgment Consistent with the Terms of the Offer and Brief in Support [Doc. No. 104]. Plaintiffs responded in opposition [Doc. No. 115], to which Defendants replied [Doc. No. 119]. The matter is fully briefed and at issue.

## BACKGROUND

This case concerns a motor vehicle collision near Tonkawa, Oklahoma, in May of 2018. The collision involved two vehicles. Defendant Daniel Palma was driving a semitractor-trailer for North American Transport Services, LLC ("NATS"). Plaintiff, Deborah Kizer, was driving a 2009 Nissan Pathfinder, and her minor son, R.J.K., was in the vehicle.

On July 20, 2020, Defendants made two offers of judgment: one to Plaintiff, and one to Plaintiff as mother and next friend of R.J.K. The offers included language stating, "This Offer is also not to be deemed a confession of any element of any cause of action,

and any resulting Judgment cannot be used as evidence or have preclusive effect as to any remaining claims or *res judicata* by any other Plaintiff, person, or entity." (emphasis in original). On behalf of R.J.K., Plaintiffs responded and accepted the offer, but stated, "Be advised that Plaintiff does not accept your arguments or statements regarding the legal consequences of Defendants allowing a judgment to be taken against them as this is a question of law for the Court." Plaintiffs then filed a notice of acceptance with the Court, and the Clerk entered judgment on August 3, 2020 [Doc. No. 101].

On August 10, 2020, Defendants filed the instant Motion seeking to vacate the judgment. Defendants argue that the omitted language was material to their offer, and thus, Plaintiffs' omission constituted a rejection and counteroffer. Plaintiffs argue that the parties cannot legally contract around the effect of a judgment, and they properly filed their notice of acceptance without the language.

Defendants seek an order from the Court vacating the judgment pursuant to FED. R. CIV. P. 60. Defendants assert the judgment should be vacated under Rule 60(a), 60(b)(4), 60(b)(1), 60(b)(3), or 60(b)(6).[1] Alternatively, Defendants seek an order altering the judgment under FED. R. CIV. P. 59(e) to include the language from their original offer.

## STANDARD

Rule 60(b) relieves a party from a "final judgment, order, or proceeding for [certain enumerated] reasons." FED. R. CIV. P. 60(b). The trial court's discretion to grant a Rule 60(b) motion is limited, as relief under this rule is "an extraordinary remedy [that] may be

---

[1] The arguments related to Rule 60(a) need not be addressed because there was no clerical error in entering the judgment.

granted only in exceptional circumstances." *Jackson v. Los Lunas Community Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018). The Tenth Circuit has cautioned that such relief is appropriate only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal citation omitted).

FED. R. CIV. P. 60(b)(4) relieves a party from a judgment if "the judgment is void." A judgment is void under Rule 60(b)(4) "'only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (internal citation omitted). Rule 60(b)(1) operates when a judgment is based on "mistake, inadvertence, surprise, or excusable neglect," while Rule 60(b)(2) focuses on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(6) operates as a catchall provision, warranting relief for "any other reason that justifies relief."

## DISCUSSION

### I.    THE JUDGMENT

Relying on contract principles, Defendants argue that the omitted language was material to their offer, and thus, there was no meeting of the minds to form an agreement on which to enter the judgment. *See* Defs.' Mot. at 1. Defendants assert that Plaintiffs' omission of the language constituted a rejection and counteroffer—not an acceptance. Plaintiffs argue that Defendants cannot contract around the legal effect of the judgment.

Plaintiffs assert it was proper to reject the invalid term and file their notice of acceptance with the remaining terms.

The Tenth Circuit applies contract principles to offers of judgment made under FED. R. CIV. P. 68. *See Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 (10th Cir. 1996) ("'[A] court will ordinarily apply the usual rules of contract construction' to interpret Rule 68 settlement agreements.") (citation omitted). Rule 68 offers, however, differ from traditional contracts in certain respects. Contract negotiations allow a plaintiff to ask for clarification or make a counteroffer, but "a plaintiff faced with a Rule 68 offer may only accept or refuse." *See, e.g.*, *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). When presented with an offer of judgment, the plaintiff cannot "make a . . . counteroffer or negotiate or amend the terms of the offer." *McFarlin*, 2020 WL 5441404, at *2.

The District of Utah recently addressed a case with similar facts in *McFarlin v. Box Elder County*, Case. No. 1:18-CV-00156-DAK, 2020 WL 5441404 (D. Utah Sept. 10, 2020). There, the defendants made an offer of judgment, and the plaintiffs accepted, but the plaintiffs purposely omitted a term when filing their acceptances with the court. *Id.* at *1. The clerk entered judgment without the defendants' term. *Id.* Defendants then sought relief under Rule 60(b), arguing that plaintiffs' actions constituted a counteroffer, they violated the mirror image rule, and there was no meeting of the minds. *Id.* at *2. Plaintiffs, however, conceded the omitted language was part of the agreement and stipulated to modifying the judgment. *Id.* The court modified the language to match defendants' original offer. *Id.* Although the court denied the Rule 60(b) motion, it noted that the defendants'

arguments pertaining to the mirror image rule "may have been valid had Plaintiffs not conceded that the . . . 'language was part of the agreement.'" *Id.*

Plaintiffs have not conceded that the omitted language was part of the offer. Like in *McFarlin*, Plaintiffs intentionally excluded a term of Defendants' offer and filed their notice of acceptance with the Court.  However, faced with the offer of judgment, Plaintiffs' only choice was to accept or reject it. *Utility Automation 2000, Inc.*, 298 F.3d at 1240.

Plaintiffs made a unilateral determination that certain language of the offer was unacceptable, removed it, and then filed their notice of acceptance with the Court. The automatic function of Rule 68 left Defendants no way to prevent the entry of judgment. Under the circumstances, the judgment should be vacated under Rule 60(b)(6).

## II.    ATTORNEY FEES

Defendants seek an award of attorney fees in connection with this Motion and Plaintiff Deborah Kizer's Motion for Partial Summary Judgment [Doc. No. 102].[2] Defendants cite 28 U.S.C. §§ 1927 and 1912 as the bases for such an award.[3]

Section 1927 authorizes an assessment of excess costs, fees, and expenses against an attorney personally for conduct that, viewed objectively, manifests an intentional or reckless disregard for the attorney's responsibilities to the Court. *See Braley v. Campbell*,

---

[2] Plaintiffs, on behalf of Deborah Kizer individually, filed a motion for partial summary judgment [Doc. No. 102] on the date that the Court entered judgment pursuant to the offer of judgment—August 3, 2020. That motion relies on the preclusive effect of the judgment. Because the judgment is now vacated, the motion for partial summary judgment [Doc. No. 102] is moot.

[3] Arguments related to 28 U.S.C. § 1912 need not be addressed because the statute applies to damages and costs when a judgment is affirmed on appeal.

832 F.2d 1504, 1512 (10th Cir. 1987) (en banc); *accord Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995). The statute sets "an extreme standard," and "a court should make such an award only in instances evidencing a serious . . . disregard for the orderly process of justice." *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotations omitted). The Court cannot conclude that this extreme standard has been met here. The request for an assessment of excess costs, fees, and expenses is denied.

## CONCLUSION

For these reasons, Defendants' Motion to Vacate Judgment is **GRANTED.**

**IT IS THEREFORE ORDERED** that the judgment entered on August 3, 2020, is vacated. The pending motion for partial summary judgment [Doc. No. 102] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 1st day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge